AARON HOLDEN v. JOSEPH DURANT.

*Principal and agent.*

If one takes the note of the principal, executed by the agent, for a matter known to the payee to be without the scope of the agent's authority and for the agent's individual benefit, such note will not bind the principal.

ASSUMPSIT. The action was referred and the referee reported that the defendant did not assume and promise, &c., and he further reported the following facts:

The plaintiff claimed to recover the amount of a promissory note for forty-five dollars, dated July 1, 1851, payable to A. Atwood or bearer in one year from date, with interest.

The note was signed *with the name of the defendant, by Lewis Durant, his son.* In May, 1851, the defendant went to Baltimore, Maryland, to work, leaving his family in Brandon, and was in Baltimore at the time the note was signed. When he left Brandon to go to Baltimore he left his business in Brandon, which consisted principally in the care and management of a small farm, with his son Lewis, (who was a minor) and his (the defendant's) wife, and *he made his son Lewis his agent to manage his affairs at home, in connection with his wife.*

While he was absent Lewis made contracts for him and managed his business generally, and in the course of such business the said Lewis signed his father's name to notes and orders in several instances, which, when the fact subsequently came to the knowledge of the defendant he did not object to on the ground that Lewis had no authority to sign his name in such cases.

On the 1st day of July, 1851, the said Lewis bought a one-horse wagon of A. Atwood, in part payment for which the note in question was given. *In making the purchase the said Lewis did not profess to act as the agent of his father, but bought the wagon for himself, and Atwood so understood it,* and when the trade was concluded Lewis offered Atwood his own note, who said he might want to sell it, and it would be more saleable if it had his father's name on it, whereupon Lewis made the note in question, signed his father's name to it, and delivered it to Atwood, who transferred it to one Scanlin before due, and it had been since duly transferred to the plaintiff, who was a *bona fide* holder thereof.

After the purchase of the wagon it was used by Lewis and other members of the family until Lewis left home; and after his father's return it was sometimes used by him. Sometime after Lewis left home, and about one year after, he wrote his father that if he would send him thirty dollars he might have the wagon, which his father did, and thereaftre owned the wagon.

It did not appear that the plaintiff, when he purchased the note, had any knowledge of the transaction between Lewis and Atwood, out of which the note grew.

The plaintiff excepted to the report of the referee, but the county court, June Term, 1856, rendered judgment upon it in favor of the defendant, to which the plaintiff excepted.

*Linsley & Prout,* for the plaintiff.

The report finds that Lewis Durant was the agent of the defendant and had the care of his business, he being absent from the country. He gave notes and orders on behalf of the defendant, and they were recognized by him. If the note in dispute were not binding in the hands of Atwood, it became so in the hands of the plaintiff, who is an innocent holder without notice.

Nothing is more equitable than the rule that when a loss is to fall on one of two innocent parties, it should fall on the one who was in any way instrumental in procuring the loss; *Clement* v. *Leverett,* 12 N. H. 317; *Emerson* v. *Crocker,* 5 N. H. 159; *Putnam* v. *Sullivan,* 4 Mass. 45.

The law has regard to the public security, and often applies the rule that he who trusts must pay; 3 Peters 413.

*E. N. Briggs,* for the defendant.

The opinion of the court was delivered by

ISHAM, J. We think the judgment of the county court in this case must be affirmed. The wagon for which the note in suit was given, was not purchased for the defendant, nor in his name. It is stated by the auditor that in making that purchase Lewis Durant did not profess *to act as the agent of his father,* but bought the wagon for himself, and on his own account; and that Mr. Atwood, the vendor, so understood it at the time of the sale and purchase.

Lewis Durant, therefore, by that purchase, became the vendee of that property; the title to the wagon was in him, and not in the defendant. Under those circumstances Lewis Durant had no authority to sign the note in the name of his father. It was a fraudulent use of his name, and made with the knowledge and by the solicitation of Mr. Atwood himself. If Lewis Durant had professedly acted as the agent of his father in making that purchase, or if Mr. Atwood supposed he was selling the property to the defendant, the case would be different from what it now is. In such case the circumstances that the contract had never been disaffirmed, that the property was used in the defendant's family and occasionally by himself, and that Lewis Durant, in the management of his father's business during his absence, had given other notes in the name of his father, which were afterwards paid by him, would be important considerations; *Watkins* v. *Vince*, 2 Starkie 368. But as the facts now appear, the case is not one of agency; for the property was understandingly sold to Lewis Durant, and for which he proposed to give his own note, but at the request of Mr. Atwood, and to enable him to dispose of it, the defendant's name was affixed to it. The execution of the note in that manner did not vest in the defendant any title or claim to the wagon, nor would he have had a claim to it if he had ratified the execution of the note, or paid the same to Mr. Atwood. The wagon would still have remained the property of Lewis Durant, and subject to his disposal. In this view of the case it is immaterial whether the wagon was at times used by the defendant or not; that circumstance would not give him a title to the wagon nor make a consideration for the note; and there is no pretense that by any subsequent assent the defendant has ever ratified that execution of the note by his son.

Judgment affirmed.